IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERSHON WILLIAMS,<br><br>    Plaintiff,<br><br>    vs.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS MEDICAL DEPARTMENT, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:10-cv-00624 JLT (PC)<br><br>ORDER DISMISSING THE COMPLAINT WITH LEAVE TO AMEND<br><br>(Doc. 1) |

Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to the undersigned magistrate judge in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 302. Before the Court is Plaintiff's complaint filed April 9, 2010.

**I.     SCREENING**

    **A.     Screening Requirement**

The Court is required to review a case filed *in forma pauperis*. 28 U.S.C. § 1915(A)(a). The Court must review the complaint and dismiss the action if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2). If the Court determines the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

**B.     Section 1983**

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To plead a § 1983 violation, the plaintiff must allege facts from which it may be inferred that (1) plaintiff was deprived of a federal right, and (2) the person who deprived plaintiff of that right acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989). To warrant relief under § 1983, the plaintiff must allege and show that the defendants' acts or omissions caused the deprivation of the plaintiff's constitutionally protected rights. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993). "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." Id. There must be an actual causal connection or link between the actions of each defendant and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Dept. of Social Services, 436 U.S. 658, 691-92 (1978) (citing Rizzo v. Goode, 423 U.S. 362, 370-71(1976)).

**C.     Rule 8(a)**

Section 1983 complaints are governed by the notice pleading standard in Federal Rule of Civil Procedure 8(a), which provides in relevant part that:

> A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

The Federal Rules of Civil Procedure adopt a flexible pleading policy. Nevertheless, a complaint

must give fair notice and state the elements of the plaintiff's claim plainly and succinctly. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In other words, the plaintiff is required to give the defendants fair notice of what constitutes the plaintiff's claim and the grounds upon which it rests. Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984). Although a complaint need not outline all the elements of a claim, there "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570). Vague and conclusory allegations are insufficient to state a claim under § 1983. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II.     THE COMPLAINT

In his complaint, Plaintiff identifies the following as defendants to this action: Gonzales, a Nurse at Wasco State Prison, M. Richey, a Supervising Nurse at Wasco State Prison, and A. Klang, the Chief Physician/Surgeon at Wasco State Prison. Plaintiff alleges the following. Having previously been diagnosed with diabetes, Plaintiff went to medical call to receive insulin on May 9, 2009. (Doc. 1 at 3.) According to the prison's protocol, insulin was dispensed in pre-filled syringes, a protocol enforced by Defendants Richey and Klang. (Id. at 3.) While at medical call, Defendant Gonzales handed Plaintiff one of the pre-filled syringes, however prior to injected himself with the insulin, Plaintiff asked Defendant Gonzales what was in the syringe. (Id. at 3.) Defendant Gonzales responded to Plaintiff stating the syringe contained 62 units of Lantis insulin, however the syringe did not contain Lantis insulin, but instead contained another form of insulin. (Id. at 3, 7.) Fifteen minutes after Plaintiff injected the contents of the syringe, Plaintiff passed out. (Id. at 3.) Later after Plaintiff was revived, he experienced multiple symptoms including a migraine headache, blurred vision, and a loss of balance. (Id. at 3.) Since this episode, Plaintiff has continued to feel sick and has become sensitive to light. (Id. at 3.)

Plaintiff claims that Defendant Gonzales dispensed the incorrect form of insulin which caused him to suffer an adverse medical reaction and that Defendants Richey and Klang enforced the medical staff's policy of utilizing pre-filled syringes. (Id. at 7.) Plaintiff seeks monetary and punitive damages, as well as injunctive and declaratory relief in the form of a Court order requiring prison medical staff

to cease from utilizing pre-filled syringes and instead requiring the syringes to be filled in the presence of each inmate.[1]  (Id. at 3.)

### III. DISCUSSION

#### A. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  Monell v. Department of Social Services, 436 U.S. 658, (1978); Rizzo v. Goode, 423 U.S. 362 (1976).

As currently pled, Plaintiff fails to state a claim against Defendants M. Richey or A. Klang. Plaintiff alleges no facts that link these defendants to any act that deprived Plaintiff of any rights secured under the Constitution or federal law.  If Plaintiff is seeking to establish liability against these defendants on the basis of their supervisory role, Plaintiff must allege some form of personal action on the part of supervisory defendants to state a cognizable claim.  Vicarious liability is inapplicable to § 1983 suits; a plaintiff must plead that each defendant, through his or her own individual actions, has violated the Constitution or federal law.  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948 (2009).

#### B. Deliberate Indifference

Plaintiff alleges a single incident of deliberate indifference, that being the May 9, 2009 incident involving Defendant Gonzales' allegedly dispensing an improper form of insulin.  The Eighth

---

[1] Plaintiff purports to bring this suit on behalf of other inmates, although only Plaintiff signed the complaint. Plaintiff is not an attorney and is proceeding without counsel. A non-attorney proceeding pro se may bring his own claims to court, but may not represent others. Fymbo v. State Farm Fire & Casualty Co., 213 F.3d 1320, 1321 (2000); Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997); C. E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987). A pro se litigant simply cannot "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4); Fymbo, 213 F.3d at 1321.  Therefore, Plaintiff may not represent anyone but himself in this action.

4

Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).  Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.  See Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986), abrogated in part on other grounds by Sandin v. Connor, 515 U.S. 472 (1995); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982).  Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)); Johnson v. Lewis, 217 F.3d 726, 734 (9th Cir. 2000).  A deprivation is sufficiently serious when the prison official's act or omission results "in the denial of the minimal civilized measure of life's necessities." Farmer, 511 U.S. at 834 (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).  Second, the plaintiff must make a subjective showing that the prison official knew of and disregarded an excessive risk to an inmate's health or safety. Id. at 837; Johnson, 217 F.3d at 734.

Plaintiff's allegations fail to demonstrate that any of the Defendants, including Defendant Gonzales, acted with deliberate indifference to his serious medical needs.  According to the complaint, Defendant Gonzales dispensed the incorrect form of insulin to Plaintiff and Plaintiff experienced a substantially negative reaction to this medication.  However, this simply appears to be a case involving negligence or a difference of opinion between the medical staff and a patient regarding the appropriate course of treatment.  This does not rise to the level of an Eighth Amendment violation. See Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2006).

## IV. CONCLUSION

The Court will provide Plaintiff an opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotations omitted).

1  If Plaintiff elects to file an amended complaint, he is cautioned that he may not change the nature of this
2  suit by adding new, unrelated claims in his amended complaint.  See George v. Smith, 507 F.3d 605, 607
3  (7th Cir. 2007) (no "buckshot" complaints).  Plaintiff is also advised that once he files an amended
4  complaint, his original pleadings are superceded and no longer serve any function in the case.  See Loux
5  v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, the amended complaint must be "complete in itself
6  without reference to the prior or superceded pleading."  Local Rule 220.

7  Accordingly, for the reasons set forth above, it is HEREBY ORDERED that:

8  1. Plaintiff's complaint is dismissed;

9  2. Plaintiff is granted thirty (30) days from the date of this order to file an amended
10     complaint that complies with the requirements of the Civil Rights Act, the Federal Rules
11     of Civil Procedure, and the Local Rules; the amended complaint must bear the docket
12     number assigned to this case and must be labeled "Amended Complaint";

13  3. The Clerk of the Court is directed to send Plaintiff the form complaint for use in a civil
14     rights action; and

15  4. Plaintiff is cautioned that failure to comply with this order will result in a
16     recommendation that this action be dismissed without prejudice.

17  IT IS SO ORDERED.

18  Dated:   **November 7, 2011**                            **/s/ Jennifer L. Thurston**
                                                          UNITED STATES MAGISTRATE JUDGE